UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ORLANDO LAKE COUNTRY CLUB,
INC.; and WILSON RESORT FINANCE,
L.L.C.,

        Plaintiffs,

v.                                    Case No. 6:17-cv-1542-Orl-37KRS

REED HEIN & ASSOCIATES, LLC; THE
LAW OFFICES OF MITCHELL REED
SUSSMAN & ASSOCIATES; and
SCHROETER GOLDMARK & BENDER,
P.S.,

        Defendants.

ORDER

This matter is before the Court on the following matters: (1) Defendant, Mitchell Sussman d/b/a The Law Offices of Mitchell Reed Sussman's Motion to Dismiss Complaint and Memorandum of Law in Support (Doc. 29); (2) Defendant Reed Hein & Associates, LLC's Motion to Dismiss Plaintiffs' Complaint, and Supporting Memorandum of Law (Doc. 32); (3) Defendant, Schroeter Goldmark & Bender, P.S.'s Motion to Dismiss Complaint with Prejudice (Doc. 35); and (4) Plaintiffs' Omnibus Memorandum in Opposition to Defendants' Motions to Dismiss Complaint (Doc. 46).

**BACKGROUND**

The parties to this action are a few of the participants in a legal melee that is emerging from the multi-billion dollar "timeshare" industry. Like many other providers

of timeshares and timeshare financing, Plaintiffs Orange Lake Country Club, Inc. and Wilson Resort Finance, L.L.C. have gone on the offensive against law firms and others who allegedly disrupt "valid legal contracts between [timeshare] resorts and their [timeshare] owners." (*See* Doc. 1, ¶¶1, 12, 13; *see also* Doc. 46 (referencing an "industry-wide scheme" to "induce timeshare owners through deception and misleading advertising to breach their legally valid and enforceable contracts with timeshare companies").)

The Defendants in this action include a self-described "consumer protection group"—Reed Hein & Associates d/b/a Timeshare Exit Team ("**TET**")—and its attorneys, "The Law Office of Mitchell Reed Sussman & Associates" ("**Sussman Law**")[1] and Schroeter, Goldmark & Bender, P.S. ("**SGB Law**").[2] (*See* Doc. 1, ¶¶14–16, 46, 52, 57.) Each of the Defendants filed a motion seeking dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Docs. 29, 32, 35.) Plaintiffs filed a single response to all three motions. (Doc. 46.) As explained below, the Court finds that the Complaint is due to be dismissed as a shotgun pleading.

---

[1] The caption of the Complaint reads "The Law Office of Mitchell Reed Sussman & Associates," and the body of the Complaint refers to "The Law Offices of Mitchell Sussman." (Doc. 1, ¶¶9, 15.) Counsel who appeared on behalf of "Mitchell Sussman d/b/a The Law Offices of Mitchell Reed Sussman" advise that that there "is no Mitchell Reed Sussman and Associates operating as a separate, legal entity within the United States of America." (*See* Doc. 29.) Plaintiffs must correct any errors concerning the Defendants named in this action.

[2] Plaintiffs allege that this Court has subject matter jurisdiction over their claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. (Doc. 1, ¶17.)

**LEGAL STANDARDS**

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth minimum requirements for complaints filed in this Court. At a minimum, such filings must: (1) include "short and plain" statements of the pleader's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances;" and (2) provide more than mere labels, legal conclusions, or formulaic recitation of the elements of a claim. *See* Fed. R. Civ. P. 8(a), 8(d), 10(b); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Local Rules 1.05, 1.06. When a plaintiff fails to follow Rules 8 and 10, the result is an impermissible shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

The "most common type" of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegation of all preceding counts." *Weiland*, 792 F.3d at 1321. Shotgun pleadings also may "begin with a long list of general allegations" that are "incorporated by reference into each count of the complaint." *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (noting the "all-too-typical shotgun pleading" where the first paragraph of each count "incorporates by reference" all of the factual allegations).

The U.S. Court of Appeals for the Eleventh Circuit warns that actions founded on shotgun pleadings should not be permitted because "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and

society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996); *see also Chapman AI Trans.*, 229 F.3d 1012, 1027 (11th Cir. 2000) ("We have frequently railed about the evils of shotgun pleadings and urged district courts to take a firm hand . . . ."). Heeding this warning, when confronted with a shotgun complaint, district courts must require the party to replead. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127–28 (11th Cir. 2014) (criticizing district court for failing to police shotgun pleadings); *Starship Enters. of Atlanta, Inc. v. Coweta Cty. Ga.*, 708 F.3d 1243, 1250 n.7 (11th Cir. 2013) (explaining that shotgun pleadings may constitute "an abusive tactic" of litigation).

## Discussion

The 41-page Complaint includes 126 numbered paragraphs. (Doc. 1.) The first half of the numbered paragraphs set forth general factual allegations. (*Id.* ¶¶1–63.) The remaining paragraphs are divided into six counts, each of which incorporate all of the general factual allegations by reference. (*Id.* ¶¶64, 77, 89, 99, 110, 119.) Further, in three of the counts, all of the Defendants are lumped together and alleged to be liable for: (1) tortious interference with existing contracts (*id.* ¶¶64–76); (2) tortious interference with advantageous business relationships (*id.* ¶¶77–88); and (3) civil conspiracy (*see id.* ¶¶99–109).[3] All of the Defendants have justifiably complained about having to respond to Plaintiff's improper group pleading and shotgun allegations. (*See* Docs. 29, 32, 35.)

---

[3] The remaining counts are asserted solely against TET for alleged: (1) violations of the Florida Deceptive and Unfair Trade Practices Act (*see id.* ¶¶89–98); (2) misleading advertising in violation of Florida Statutes, § 817.41 (*see id.* ¶¶110–18); and (3) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a) (*see id.* ¶¶119–26).

Thus, the Court finds that repleader is required.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendant, Mitchell Sussman d/b/a The Law Offices of Mitchell Reed Sussman's Motion to Dismiss Complaint and Memorandum of Law in Support (Doc. 29) is **GRANTED**.

(2) Defendant Reed Hein & Associates, LLC's Motion to Dismiss Plaintiffs' Complaint, and Supporting Memorandum of Law (Doc. 32) is **GRANTED**.

(3) Defendant, Schroeter Goldmark & Bender, P.S.'s Motion to Dismiss Complaint with Prejudice (Doc. 35) is **GRANTED IN PART**.

(4) The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

(5) On or before **December 11, 2017**, Plaintiffs may file an Amended Complaint in accordance with this Order.

(6) Absent timely compliance with the requirements of this Order, this action will be **CLOSED** without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 29, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record