# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ORANGE LAKE COUNTRY CLUB,**
**INC. and WILSON RESORT FINANCE,**
**L.L.C.,**

        **Plaintiffs,**

v.                                  Case No:  6:17-cv-1542-Orl-31DCI

**REED HEIN & ASSOCIATES, LLC,**
**SCHROETER GOLDMARK &**
**BENDER, P.S., MITCHELL REED**
**SUSSMAN, BRANDON REED,**
**TREVOR HEIN and THOMAS**
**PARENTEAU,**

        **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DETERMINE AMOUNT OF ATTORNEYS' FEES TO BE AWARDED AGAINST DEFENDANT MITCHELL REED SUSSMAN D/B/A MITCHELL REED SUSSMAN & ASSOCIATES (Doc. 110)** |
| **FILED:** | **June 18, 2018** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

### Background

On April 27, 2018, Plaintiffs filed a motion to compel Defendant Mitchell Reed Sussman (Sussman) to respond to Plaintiffs' first request for production of documents. Doc. 77. After

holding a hearing on the matter, the Court granted Plaintiffs' motion to compel and held, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), that Plaintiffs are entitled to their reasonable expenses incurred in making the motion. Doc. 103.

On June 18, 2018, Plaintiffs filed a motion to determine the amount of attorneys' fees that should be awarded against Sussman (the Motion). Doc. 110. Therein, Plaintiffs requested an award of $26,370.00.

On June 20, 2018, Sussman filed a motion for extension of time to respond to the Motion. Doc. 112. The Court granted Sussman's motion and provided Sussman until on or before August 1, 2018 to respond. Doc. 113. Sussman did not respond to the Motion. Thus, the Motion is unopposed.

### **Discussion**

Federal Rule of Civil Procedure 37(a)(5)(A) provides, in part, as follows:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, *or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees*. . . .

(emphasis added). The Court uses the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553-54 (2010).

Upon consideration, the Court, relying on its own knowledge and experience, and considering that the Motion is unopposed, finds that the hourly rates requested by Plaintiffs are reasonable. *See Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value").

However, the Court finds that the total number of hours expended is unreasonable in the context of this Rule 37(a)(5)(A) request. Plaintiffs seek to recover for time expended on the following tasks:

> (a) Reviewing Sussman's boilerplate and baseless objections to Plaintiff's First Requests for Production, *see* [DE 77, Ex.. "B"];
>
> (b) Research and analysis relating to the issues and objections raised in Sussman's Responses and Objections to Plaintiff's First Request for Production;
>
> (c) Conducting a Meeting and Confer pursuant to Fed. R. Civ. P. 37(a)(1) and drafting a 14 page letter addressing Sussman's boilerplate and baseless objections to the Requests for Production, *see* [DE 77, Ex. "A"];
>
> (d) Research and analysis related to Sussman's failure to provide a privilege log, along with the related privilege research surrounding the unprecedented, unsupported position taken by Defendants in this case;
>
> (e) Drafting and filing the Motion to Compel Sussman RFP, *see*, [DE 77];
>
> (f) Preparation for and attendance at the hearing on the Motion to Compel Sussman RFP;
>
> (g) Drafting and filing the Motion for Attorneys' Fees after Sussman would not agree to an amount of attorneys' fees pursuant to the Order.

Doc. 110 at 4-5. But Plaintiffs failed to provide the Court with any authority to suggest that they are entitled to recover attorney fees pursuant to Rule 37(a)(5)(A) for time spent on tasks other than drafting and filing the motion to compel, preparing and attending the hearing, and drafting and

filing the instant Motion. As such, Plaintiffs failed to establish that their hours expended were reasonable, and the Court will award Plaintiffs only for time spent drafting and filing the motion to compel, preparing and attending the hearing, and drafting and filing the Motion.

Further, in considering Plaintiffs' request to recover hours billed within the permitted categories, the Court must also review the request for reasonableness. The party seeking to recover fees bears the burden of establishing the reasonableness of their request. *See Norman,* 836 F.2d at 1303 (11th Cir. 1988). Here, the Court finds that the total number of hours billed is unreasonable in the context of a fee-shifting motion. While Plaintiffs may retain several attorneys and expend resources to litigate this case in whatever way they choose, the sum of that expense may not always be shifted over to opposing counsel in the context of a Rule 37 motion. *See Hensley*, 461 U.S. at 434 (stating that counsel should make a good faith effort to exclude from a fee request hours that are "excessive, redundant, or otherwise unnecessary"). The Court must award a reasonable expense, not necessarily the actual expense. *See id*. ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'") (citation omitted).

The Court has reviewed the billing records and, based upon all of the foregoing, finds that a 25% reduction in the total number of hours billed is appropriate.

Accordingly, it is **ORDERED** that the Motion (Doc. 110) is **GRANTED in part** to the extent that the Court awards Plaintiffs a total of $19,777.50 in attorney fees pursuant to Rule 37(a)(5)(A). The Motion (Doc. 110) is otherwise **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 3, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record; Unrepresented Parties