IN THE UNITED STATES DISTRICT COURT OF
THE MIDDLE DISTRICT OF FLORIDA
(ORLANDO DIVISION)

ORANGE LAKE COUNTRY CLUB, INC. and WILSON RESORT FINANCE, L.L.C.,

      Plaintiffs,

vs.

REED HEIN & ASSOCIATES, LLC, SCHROETER GOLDMARK & BENDER, P.S., MITCHELL REED SUSSMAN, BRANDON REED, TREVOR HEIN and THOMAS PARENTEAU,

      Defendants.
_____/

CASE NO.: 6:17-cv-1542-Orl-31DCI

**DEFENDANT MITCHELL REED SUSSMAN'S OMNIBUS RESPONSE AND OBJECTION TO PLAINTIFFS' MOTION TO COMPEL RESPONSE TO SECOND REQUEST FOR PRODUCTION AND MOTION FOR DISCOVERY SANCTIONS**

    COMES NOW, the Defendant, Mitchell Reed Sussman d/b/a Mitchell Reed Sussman and Associates, and files this, his Response and Objection to the Plaintiffs' Motion to Compel Response to Plaintiffs' Second Request for Production (Doc. 179) and Plaintiffs' Motion for Discovery Sanctions For Refusal to Comply with Discovery Order and Compel Responses from Defendant Sussman (Doc. 180), and states as follows:

1. This is an action by a time-share resorts developer and its financing affiliate against Defendant Reid Hein & Associates, LLC d/b/a Timeshare Exit Team ("TET"), a company specializing in obtaining relief for time-share owners dissatisfied and aggrieved by their time-shares, and the two law firms, including moving Defendant Sussman, that TET hires to assist it and its clients.

2. Plaintiffs allege that TET engages in false advertising and other deceptive tactics to attract its clients, time-share Owners who want to get out of their timeshares, while the two law firms send letters to Plaintiffs, on TET's clients' behalf, seeking to terminate their timeshare agreements. The Plaintiffs do not allege that Plaintiffs were deceived in any way. And while the Amended Complaint at least implies that Defendants have somehow wronged TET's time-share Owner clients, those time-share Owner clients are notably absent from this case.

3. Nevertheless, the Amended Complaint purports to allege against TET — and only TET — claims for tortious interference with existing contract, tortious interference with advantageous business relations, violation of Florida's Deceptive and Unfair Trade Practices Act, misleading advertising in violation of Fla. Stat. §817.41, and false advertising in violation of the Lanham Act, 15 U.S.C. §1125(a). This Motion will not address the allegations being made by the Plaintiff against TET other than how it relates to the allegations against Sussman. The allegations of conduct by Sussman are notably thin. Important for this motion, the only claim against Sussman is in Count III, for alleged "conspiracy" with TET to tortiously interfere with existing contracts and with prospective business relations.

4. The Defendant takes the position that the Plaintiff cannot state a cause of action against Sussman for conspiracy and Sussman has filed a Motion to Dismiss the Amended Complaint, which has not be ruled on as of this date.

5. The Defendant asserts that the Plaintiffs are doing their best to win this case in the discovery phase of the case.

6. The Plaintiffs have repeatedly indicated in numerous pleadings that the Defendant is being evasive in his responses. The Plaintiffs also have misrepresented to the Court about whether the undersigned counsel has conferred with the Plaintiffs' Attorney on multiple motions before this Court.

7. The Defendant asserts that nothing could be further from the truth.

8. At the Hearing on August 29, 2018, the undersigned counsel appeared and apologized to the Court for the failure to respond to Motions and Orders of the Court. The undersigned advised that he was diagnosed with cancer and was absent from his office from mid-June to mid-August. The undersigned also indicated that his legal assistant left and a number of items were not calendared. The undersigned apologized to the Court and promised that all discovery would be responded to by the next scheduled Status Conference in this case, which would be September 26, 2018.

9. Since that time, the undersigned counsel has been working diligently to provide detailed responses to all discovery requests.

10. Unfortunately, this reassurance was not sufficient for the number of attorneys working on this file for the Plaintiffs. On September 5, 2018, five business days after the hearing, they demanded an earlier response, i.e. a matter of days, which the Plaintiffs' Attorneys admit in their Motion for Discovery Sanctions (Doc. 180) and then filed a Motion to Compel seeking sanctions on September 11, 2018.

11. It should be pointed out that the Plaintiffs' Attorneys were well aware of the undersigned counsel's cancer diagnosis in April of 2018, when the undersigned counsel filed an Notice of Unavailability on April 24, 2018.

12. The Defendant would also like to point out that the Plaintiffs' Attorney served additional discovery requests either just before or during the time that the undersigned counsel would be absent from the office and recovering from surgery. The undersigned believes that this was intentional.

13. The Second Request for Production, which contained 80 requests was served on June 7, 2018, requiring a response when the undersigned was in surgery and recovering from it. As stated above, the undersigned believes that this was intentional.

14. The Defendant would also like to point out to the Court that the Defendant did not receive the Second Request for Production, which was purportedly served on June 7, 2018 until well after the August 29, 2018 Hearing.

15. The Third Request for Production, which contained 14 requests was served on June 25, 2018, four days after the undersigned counsel's surgery and while he was in the hospital recovering from surgery. The undersigned counsel also believes that this was intentional on the part of the Plaintiff's Attorneys.

16. The Fourth Request for Production, which contains another 24 requests, was served on July 16, 2018. This was also done intentionally.

17. This means that the Plaintiffs have served 118 requests for documents to be responded to during or shortly after the undersigned counsel was out for cancer surgery. This is in addition to the 67 requests in the First Request for Production, bringing the total of number of requests to 185 requests. The undersigned can only assume that the large number of attorneys working for the Plaintiffs intentionally created the current situation in an attempt to wear down the Plaintiff and his counsel in a scorched earth approach to a lawsuit that the Defendant believes has absolutely no merit. Once again, the undersigned

      counsel apologizes to the Court and asks that no further sanctions be levied against the Defendant as it is clear that the Defendant's failure to respond was not done in bad faith but occurred to extraneous circumstances.

18. As of September 21, 2018, the Defendant has filed a 44 page Response with over 3000 pages of un-redacted documents. The Defendant has also served responses to the other Requests for Production.

19. The Defendant believes that he and his counsel have established that the failure or omission to respond to discovery requests were not intentional, were not in bad faith and not for the purposes of obstructing and delaying the progress of this case.

      Wherefore, the Defendant and his counsel respectfully request that this Honorable Court deny the Motion to Compel for the reasons set forth hereinabove.

## CERTIFICATE OF SERVICE

      I, Michael McGirney, hereby certify that a true and correct copy of the foregoing was served this 24th day of September, 2018, by e-filing with the Clerk of the Court using the CM/ECF Portal, and will provide a copy to the following parties of record:

| | |
|---|---|
| Richard W. Epstein, Esquire<br>Jeffrey Backman, Esquire<br>Christina Guzman, Esquire<br>Greenspoon Marder, PA<br>201 East Pine Street, suite 500<br>Orlando, FL  32801 | John Y. Benford, Esquire<br>Angela M. Duerden, Esquire<br>Amy L. Baker, Esquire<br>Wilson Elser Moskowitz Edelman & Dicker<br>111 North Orange Avenue, Suite 1200<br>Orlando, FL  32801 |
| Charles J. Meltz, Esquire<br>Stacey J. Carlisle, Esquire<br>Grower, Ketchum, Eide, Telan & Meltz, P.A.<br>Post Office Box 538065<br>Orlando, FL  32853 | |

*/s/ Michael McGirney, Esquire*
Michael McGirney, Esquire
Florida Bar No.  856797
Cory Chandler, Esquire
Florida Bar No.  621552
SPECTOR GADON & ROSEN, P.C.
360 Central Avenue, Suite 1550
St. Petersburg, FL 33701
Telephone: 727-896-4600
Facsimile:  727-896-4604
mmcgirney@lawsgr.com
cchandler@lawsgr.com
Attorney for Defendant
The Law Offices of
Mitchell Reed Sussman & Associates