**IN THE UNITED STATES DISTRICT COURT OF
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| ORANGE LAKE COUNTRY CLUB, INC., a Florida corporation, and  WILSON RESORT FINANCE, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br>v.<br><br>REED HEIN & ASSOCIATES, LLC d/b/a TIMESHARE EXIT TEAM; MITCHELL REED SUSSMAN d/b/a MITCHELL REED SUSSMAN & ASSOCIATES; and SCHROETER GOLDMARK & BENDER, P.S.; BRANDON REED; TREVOR HEIN; and THOMAS PARENTEAU,<br><br>    Defendants.<br>_____/ | CASE NO.: 17-cv-1542-Orl-31DCI |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT MITCHELL REED SUSSMAN D/B/A MITCHELL REED SUSSMAN TO COMPLY WITH THE COURT'S AUGUST 3, 2018 SANCTIONS ORDER [DE 145]**

Pursuant to Federal Rule of Civil Procedure 37(b) or, in the alternative, the Court's inherent authority, Plaintiffs Orange Lake Country Club, Inc. and Wilson Resort Finance, LLC ("OLCC" or "Plaintiffs") move to compel Defendant Mitchell Reed Sussman d/b/a Mitchell Reed Sussman & Associates ("Sussman" or "Defendant") to comply with the Court's August 3, 2018 Sanctions Order DE 145.  Plaintiffs specifically move for entry of an order requiring payment of the sanctions within ten (10) days of the entry of an order on this Motion and for any further relief the Court deems appropriate.

**INTRODUCTION**

This is the third occasion in which Sussman's failure to comply with his obligations warrants judicial intervention and the second time in which he openly defies a Court Order.

Sussman's defiance has been a common theme throughout this proceeding and has needlessly increased the costs and judicial labor expended in this dispute. While the Court has endeavored to deter these dilatory discovery practices, Sussman continues to defy the Orders meant to suppress his behavior. Indeed, while OLCC has requested payment on multiple occasions of the monetary sanctions this Court imposed on August 3, 2018, Sussman has failed satisfy this obligation. Sussman must be required to comply with the August 3, 2018 Order, which awarded Plaintiffs a total of $19,777.50 in attorney's fees pursuant to Rule 37(a)(5)(A).

## MEMORANDUM OF LAW

### I.   FACTS AND PROCEDURAL HISTORY

On December 18, 2017, Plaintiffs served Sussman with interrogatories and a First Request for Production tailored to the allegations in the Amended Complaint. On January 18, 2018, Sussman served discovery responses that were wholly deficient and contained numerous boilerplate and inapplicable objections. Ex. 1. Sussman did not produce a single document and objected, in whole or in part, to a majority of the requests contained in the First Request for Production. And, while claiming that the attorney-client privilege and work product doctrine applied to a majority of the documents or information requested, Sussman did not comply with this Court's Standing Order that required him to provide a privilege log simultaneously with the written discovery responses. Even after extensive efforts to meet and confer, Sussman refused to address any of these deficiencies and advised that he stood by his objections.

On April 27, 2018, Plaintiffs filed a Motion to Compel against Sussman due to his deficient discovery responses, failure to produce any documents, and refusal to resolve any of the issues raised by Plaintiffs. DE 77. Sussman did not respond to the Motion to Compel and, on May 30, 2018, the Court held a hearing. *See* Ex. 2, Hr'g Tr. (5/30/2018). At the hearing,

2

Sussman's counsel declined to provide any argument opposing Plaintiffs' Motion to Compel. *Id*. at 73:1-25. The Court granted the motion in its entirety—except that Sussman was still permitted to withhold or redact documents on the basis of attorney-client privilege and work product so long as the privilege objections were listed on a privilege log. Ex. 3, DE 103.

The Court also found that Sussman's failure to respond to discovery was unjustified and granted Plaintiffs' request for attorney's fees. DE 103. After Plaintiffs' efforts to meet and confer regarding the amount of the fees failed, Plaintiffs filed a motion to determine the amount of the fees Sussman owed in connection with the April 27, 2018 Motion to Compel. DE110. Even though he moved for an extension of time, Sussman did not respond to the motion to determine the amount of the fees. DE 112. On August 3, 2018, the Court issued an Order granting Plaintiffs' motion in part and ordering Sussman to pay $19,777.50 as a sanction ("August Sanctions Order") for his unjustified failure to respond to discovery. DE 145. Pursuant to the August Sanctions Order, on August 24, 2018, Plaintiffs requested that Sussman pay the $19,777.50 sanctions by September 7, 2018. Ex. 4. Sussman did not remit the required payment and, on September 14, 2018, Plaintiff again requested that Sussman comply with the August Sanctions Order by October 5, 2018. Ex. 5. Despite promising that payment would be forthcoming, to date Sussman has failed to comply with the August Sanctions Order.

II.  **ARGUMENT**

Unlike contempt orders, monetary sanctions issued under Rule 37(a) "lack any prospective effect and [are] not designed to compel compliance." *See Cunningham v. Hamilton Cty. Oh.,* 527 U.S. 198, 207 (1999). These monetary sanctions aim to "protect courts and opposing parties from delaying and harassing tactics during the discovery process." *Id.* at 199. Consistent with this policy objective, in 1999, the Supreme Court recognized that orders

3


imposing sanctions pursuant to Rule 37(a) are not immediately appealable. *Id.* at 208. A contrary finding "would undermine the very purposes of Rule 37(a)" and eviscerate "the trial judge's discretion to structure a sanction in the most effective manner." *Id*. at 209.

The Court's "broad discretion to control discovery" includes, not only the power to impose sanctions, but also the authority to compel compliance with those sanctions orders. *Ebeh v. Tropical Sportwear Int'l Corp.*, 199 F.R.D. 696, 698 (M.D. Fla. 2001). As such, "[d]istrict courts may require a plaintiff to pay any sanctions it imposes as a condition of prosecuting his case." *Id*. Although a severe sanction, if a litigant is "ordered to pay costs by a certain date, and fails to do so, dismissal is then appropriate." *Id*. (*citing Moon v. Newsome*, 863 F. 2d 835, 837 (11th Cir. 1989) ("Dismissal of an action for failure to comply with court-ordered sanctions is permitted under" Rule 41(b))).

Here, the Court should exercise its "broad authority to control discovery" to require Sussman to comply with the August Sanctions Order. Sussman's failure to communicate with opposing counsel and respond to the Court's Orders has been a common theme throughout this case. First, on January 18, 2018, Sussman served discovery responses that asserted improper boilerplate objections and did not comply with the Standing Order's requirements. Ex. 1. Second, even after extensive meet and confer efforts, Sussman refused to remedy these deficiencies. Third, Sussman failed to respond to the Plaintiffs' Motion to Compel and at the hearing was unable to defend the boilerplate objections asserted in response to the First Request for Production. Ex. 2. Fourth, Sussman failed to comply with the deadlines set forth in the Court's Order granting Plaintiffs' first Motion to Compel, which caused Plaintiffs to file yet another Motion for Sanctions and to Compel. DE 179, 180. On September 28, 2018, the Court again granted OLCC's motion and imposed additional sanctions on Sussman for his unjustified

4

failure to comply with his discovery obligations. DE 196. Now, in addition to failing to comply with discovery and despite the Court's imposition of further sanctions, Sussman has refused to comply with the August Sanctions Order.

Before issuing the August Sanctions Order, the Court provided Sussman an opportunity to justify his failure to comply with discovery. Ex. 2. Sussman failed to provide any explanation for his discovery deficiencies the same way he has failed to pay the August Sanctions Order. *Id*. Sussman's disregard of the Court's Sanctions Order undermines the goal of Rule 37, which is to deter "delaying and harassing tactics during the discovery process." *Cunningham,* 527 U.S. 198 at 208. Sussman's failure to pay the monetary sanctions is consistent with the defiance he has openly displayed throughout this proceeding. Indeed, even after the Court ordered him to produce a privilege log to substantiate his objection, Sussman refused to do so leading to another motion, another hearing, another order, and another sanctions award he will again disregard. DE 179, 180, and 196. In light of Sussman's contumacious disregard of his obligations and defiance of this Court's authority, the Court should exercise its authority and require Sussman to comply with the August Sanctions Order by a date certain. DE 145.

### III. CONCLUSION

Plaintiffs respectfully request that this Court enter an Order requiring Sussman to comply with the August Sanctions Order within ten days of the entry of an order on this Motion.

### IV. LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Plaintiffs certifies that, as detailed above, counsel for Plaintiffs and Sussman conferred regarding the subject of this Motion on, at least, August 24, 2018, September 28, 2018, and October 5, 2018. Ex. 6. During those communications, counsel for Sussman advised that he had requested that the insurance carrier

pay the August Sanctions Order. On October 19, 2018, counsel for Sussman advised that Plaintiffs would receive payment of the award by the following week. To date, Plaintiffs have not received any payment in satisfaction of the August Sanctions Order.

DATED this 30th day of October, 2018

Respectfully submitted,

By: ___*/s/ Jeffrey A. Backman*
RICHARD W. EPSTEIN
(Trial Counsel)
Florida Bar No. 229091
JEFFREY A. BACKMAN
Florida Bar No. 662501

GREENSPOON MARDER, LLP
201 E. Pine Street
Orlando, FL  32801
(407) 425-6559

and

200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
(954) 491-1120
richard.epstein@gmlaw.com
jeffrey.backman@gmlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2018, the foregoing was electronically filed with the clerk of the court using the CM/ECF Portal, which will send notice of filing and a service copy to all counsel of record.

By: */s/ Jeffrey A. Backman*
   JEFFREY A. BACKMAN

36199849:2 38080:0029