# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ORANGE LAKE COUNTRY CLUB,
INC. and WILSON RESORT FINANCE,
L.L.C.,

        **Plaintiffs,**

v.                            **Case No: 6:17-cv-1542-Orl-31DCI**

REED HEIN & ASSOCIATES, LLC,
SCHROETER GOLDMARK &
BENDER, P.S., MITCHELL REED
SUSSMAN, BRANDON REED,
TREVOR HEIN and THOMAS
PARENTEAU,

        **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DETERMINE AMOUNT OF ATTORNEYS' FEES TO BE AWARDED AGAINST DEFENDANT MITCHELL REED SUSSMAN D/B/A MITCHELL REED SUSSMAN & ASSOCIATES (Doc. 212)** |
| **FILED:** | **October 25, 2018** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

### Background

On September 11, 2018, Plaintiffs filed a motion for discovery sanctions and to compel responses (the Discovery Motion) from Defendant Mitchell Reed Sussman d/b/a Mitchell Reed

Sussman & Associates (Sussman).  Doc. 180.  On September 24, 2018, Defendant filed a response

to the Discovery Motion.  Doc. 190.  On September 26, 2018, the Court held a status conference

at which the Court heard arguments on four motions, including the Discovery Motion.  *See* Docs.

182; 194.  On that same date, the Court entered an order finding that, pursuant to Federal Rule of

Civil Procedure 37(b)(2)(C), "Plaintiffs are entitled to recover their reasonable expenses, including

attorney fees, incurred in making the [Discovery] Motion."  Doc. 196.  The Court ordered Plaintiffs

to file a motion to determine the amount of attorney fees should the parties be unable to reach an

agreement as to the amount.  *Id*.

On October 25, 2018, Plaintiffs filed a motion to determine the amount of attorney fees

that should be awarded against Sussman (the Motion).  Doc. 212.  Therein, Plaintiffs requested an

award of $5,182.50.  Sussman did not respond.  Thus, the Motion is unopposed.[1]

**Discussion**

Federal Rule of Civil Procedure 37(b)(2)(C) provides, in part, as follows:

> Instead of or in addition to the orders above, the court must order the disobedient
> party, the attorney advising that party, or both to pay the reasonable expenses,
> including attorney's fees, caused by the failure, unless the failure was substantially
> justified or other circumstances make an award of expenses unjust.

The Court uses the familiar "lodestar" method in determining a reasonable fee award, which is

calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended.

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The party moving for fees has the burden of

establishing that the hourly rate and hours expended are reasonable.  *See Norman v. Housing Auth.*

---

[1] The Court routinely grants motions as unopposed where a response has not been filed in
opposition to the motion.  *See* Doc. 94 at 5 ("Where no memorandum in opposition has been filed,
the Court routinely grants the motion as unopposed."); Local Rule 3.01(b) ("Each party opposing
a motion . . . **shall** file within fourteen (14) days after service of the motion . . . a response that
includes a memorandum of legal authority in opposition to the request . . . .") (emphasis added).

*of the City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988).  There is a strong presumption that the lodestar figure is reasonable.  *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553-54 (2010).

Upon consideration, the Court, relying on its own knowledge and experience, and considering that the Motion is unopposed, finds that the hourly rates requested by Plaintiffs are reasonable.  *See Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value").

However, upon review, the Court finds that the total number of hours expended is unreasonable.  Plaintiffs seek to recover 4.5 hours for a billing entry described as "[p]repare for hearing on pending motions and status conference."  Doc. 212-4 at 5.  But, as Plaintiffs' billing entry suggests, the hearing at issue was a pre-scheduled status conference at which the Court heard arguments regarding four motions, three of which are not at issue here.  *See* Docs. 182; 194.  As such, Plaintiffs' billing entry appears to include time not spent on the Discovery Motion, and, therefore, time not recoverable pursuant to the Court's order awarding Plaintiffs the reasonable expenses, including attorney fees, that they incurred in making the Discovery Motion.  Regardless, the Court finds that 4.5 hours is an unreasonable amount of time to prepare for a hearing on the Discovery Motion, which was not lengthy and did not involve any complex legal issues.  *See Norman,* 836 F.2d at 1303 (11th Cir. 1988); *Hensley*, 461 U.S. at 434 ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'") (citation omitted).  Thus, the Court finds that this billing entry should be reduced to 1.5 hours.  The

Court has reviewed the remaining billing entries and finds that the remaining billing entries are reasonable.

Accordingly, it is **ORDERED** that the Motion (Doc. 212) is **GRANTED in part** to the extent that the Court awards Plaintiffs a total of $4,057.50 in attorney fees[2] pursuant to Rule 37(b)(2)(C). The Motion (Doc. 212) is otherwise **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 14, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] $5,182.50 – (3 * $375.00) = $4,057.50