UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ORANGE LAKE COUNTRY CLUB,**
**INC. and WILSON RESORT FINANCE,**
**L.L.C.,**

        **Plaintiffs,**

v.                                  Case No: 6:17-cv-1542-Orl-31DCI

**REED HEIN & ASSOCIATES, LLC,**
**SCHROETER GOLDMARK &**
**BENDER, P.S., MITCHELL REED**
**SUSSMAN, BRANDON REED,**
**TREVOR HEIN and THOMAS**
**PARENTEAU,**

        **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL DEFENDANT MITCHELL REED SUSSMAN D/B/A MITCHELL REED SUSSMAN TO COMPLY WITH THE COURT'S AUGUST 3, 2018 SANCTIONS ORDER (Doc. 216)** |
| **FILED:** | October 30, 2018 |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

On April 27, 2018, Plaintiffs filed a motion to compel Defendant Mitchell Reed Sussman (Sussman) to respond to Plaintiffs' first request for production of documents. Doc. 77. After holding a hearing on the matter, the Court granted Plaintiffs' motion to compel and held, pursuant

to Federal Rule of Civil Procedure 37(a)(5)(A), that Plaintiffs are entitled to their reasonable expenses incurred in making the motion.  Doc. 103.

On June 18, 2018, Plaintiffs filed a motion to determine the amount of attorneys' fees that should be awarded against Sussman.  Doc. 110.  Therein, Plaintiffs requested an award of $26,370.00.

On June 20, 2018, Sussman filed a motion for extension of time to respond to the Motion.  Doc. 112.  The Court granted Sussman's motion and provided Sussman until on or before August 1, 2018 to respond.  Doc. 113.  But Sussman never responded to the Motion.

On August 3, 2018, the Court entered an order (the Prior Order) granting in part as unopposed Plaintiffs' motion to determine the amount of attorney fees.  Doc. 145.  The Court awarded Plaintiffs a total of $19,777.50 in attorney fees pursuant to Rule 37(a)(5)(A).  Since that time, Plaintiffs have on multiple occasions asked Sussman to comply with the Court's Prior Order.  To date, Sussman has not complied with the Court's Prior Order.

On October 30, 2018, Plaintiffs filed a motion to compel Sussman to comply with the Court's Order.  Doc. 216 (the Motion).  Plaintiffs ask the Court to compel Sussman to comply with the Prior Order on or before the tenth day after the date the Court enters an order on the Motion.  *Id*.

To date, Sussman has not responded to the Motion and the time for doing so has passed.  The Court routinely grants motions as unopposed where a response has not been filed in opposition to the motion.  *See* Doc. 94 at 5 ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed."); Local Rule 3.01(b) ("Each party opposing a motion . . . **shall** file within fourteen (14) days after service of the motion . . . a response that includes a

memorandum of legal authority in opposition to the request . . . .") (emphasis added). As such, the Court finds that the Motion is unopposed and due to be granted.

Accordingly, it is **ORDERED** that the Motion (Doc. 216) is **GRANTED**. On or before **December 3, 2018**, Sussman shall remit to Plaintiffs $19,777.50 in compliance with the Court's Prior Order (Doc. 145).

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2018.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties